THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE S. UNGER AND SOLLY KARP, PLAINTIFFS IN ERROR.

Argued May 4, 1926—Decided November 10, 1926.

1. When the trial of a criminal case was moved, the judge, on motion of the state, ordered a person, who was neither a defendant nor of counsel, removed from the counsel table, but not from the court room. The defendants' sole objection to such order was that such person was "necessary in consultation and the conduct of the case." *Held*—(1) that such order, being of a discretionary character, will not lead to a reversal of the con-

viction, unless it appears that defendants suffered manifest wrong or injury by the abuse of such discretion, and (2) that there was not such showing when there was nothing to indicate that the defendants were deprived of consultation with such person during the trial of the case.

2. The state, having been surprised into offering evidence, the effect of which was exactly contrary to what it was endeavoring to prove, viz., the guilt of the defendant, had a right, if it could do so, to neutralize the effect of such evidence by proving the self-contradictory statements of the witness to show that such evidence was untrustworthy.

3. A revolver was properly admitted in evidence when the testimony tended to show that at least one of the bandits who committed the highway robbery under investigation had, and used, a revolver in the "hold-up," and that one of them fled from the scene of the robbery through a tunnel at the entrance of which the revolver offered in evidence was found a few minutes after the robbery.

4. The refusal of the trial judge to direct a verdict of acquittal at the close of the state's case in a criminal trial, although reviewable under section 136 of the Criminal Procedure act, will only justify a reversal of the conviction when there was no evidence proper to be submitted to the jury which would support a conclusion of guilt.

5. A witness who testified in a criminal trial that he did not know where the accused lived, was incompetent to testify as to the reputation of the accused for peace and quiet.

6. A person on trial for a criminal offense is entitled to give evidence as to his reputation in the neighborhood in which he lives in respect to the trait involved in the charge, but a certificate of discharge from the army is not relevant for that purpose.

7. On a trial for highway robbery one of the defendants testified, on his direct examination, that when police officers walked into the room in New York where the defendants were, about two months prior to the robbery, there were four masks in the room, and the other defendant, on his direct examination, testified that he was present on that occasion. In view of such evidence the defendants suffered no manifest wrong or injury by the admission of such masks in evidence after they had been identified by the police officer as the masks that were on the table in the room on the occasion spoken of by the defendants.

8. A judgment in a criminal case will not be reversed for alleged errors which could not have prejudiced the accused in maintaining his defense upon the merits.

On error to the Passaic County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiffs in error, *Stein & Stein* and *Peter Cohn.*

For the defendant in error, *J. Vincent Barnitt,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.   There is brought up for review, both by bills of exceptions and by specifications of causes for reversal under section 136 of our Criminal Procedure act, the convictions of George S. Unger and Solly Karp (plaintiffs in error), in the Court of Quarter Sessions of the county of Passaic, on two indictments.

One indictment charges that on the 7th day of March, 1925, the defendants, together with John Doe and Richard Roe, in the city of Paterson, did commit an assault with a pistol upon one Nehemiah Vreeland, and the other indictment charges that such defendants, together with the persons mentioned, did forcibly take from the person of Nehemiah Vreeland and rob him of $17,900 in money, being the property of the Manhattan Shirt Company.

The cases were tried and have been argued here together.

We shall consider such matters only as have been raised and argued.

We find no error justifying reversal in the action of the trial judge in ordering the removal of a person sitting at the counsel table.

The order complained of was made, on motion of the state, at the time the trial was moved.   Of course, a defendant is entitled to a fair, impartial and public trial and to be represented by counsel.   But the person removed from the counsel table was neither a defendant nor of counsel.   The defendants' sole objection to such order was that such person was "necessary in consultation and the conduct of the case." But he was not excluded from the court room, being ordered merely to leave the counsel table, and was therefore accessible if and when it became necessary to consult him with reference to the conduct of the cause.

The preservation of order and dignity in the court room is one of the duties of the court, and in the administration

of this duty the court has a wide discretion with the exercise of which a reviewing court will not interfere in the absence of abuse of such discretion. *Stein* v. *Goodenough,* 73 *N. J. L.* 812, 816; *State* v. *Genese,* 102 *Id.* 134; *Myers* v. *State,* 97 *Ga.* 76.

While, of course, every person accused of crime is entitled to a public trial, the presiding judge should not permit the bar or court room to become so crowded as to impede the progress of the trial by rendering it difficult for the jurors to enter or leave the box, or by preventing free movement of counsel and witnesses; moreover, the jury should not be in such close and constant contact with the audience as that remarks of by-standers as to the guilt or innocence of the accused, or other indications of public feeling for or against him, may reach their ears or come under their observation. The bar, at least, should at all times be kept sufficiently open and clear for the prompt and orderly dispatch of the business of the court. Here, as we have pointed out, the person removed was neither a defendant nor of counsel. He was not removed from the court room, but merely from the counsel table, and such a discretionary order will not lead to a reversal unless it appears that thereby the defendants suffered manifest wrong or injury. In this case there was no such showing, there being nothing to indicate that the defendants were deprived of consulation with him at any time during the trial of the case.

We think that the court did not err in permitting the state to ask the witness, William Starufogel, the following question: "Was it true what you say in there?"

This witness, when produced on behalf of the state, testified that he could not identify any of the defendants. The state was surprised thereby because Starufogel had previously identified the defendant Unger and had made a statement to that effect. Under such circumstances the state, having been thus surprised into offering evidence, the effect of which was exactly contrary to what it was endeavoring to prove, viz., the guilt of the defendant, had the right, if it could do so, to neutralize the effect of such evidence by proving

the self-contradictory statements of the witness to show that such evidence was untrustworthy. *State* v. *D'Adame,* 84 *N. J. L.* 386, 395. The testimony was therefore proper for that purpose, and the statement itself was likewise properly admitted in evidence for the same purpose.

We think that there was no error in the admission of the revolver in evidence. The testimony tended to show that at least one of the bandits who committed this highway robbery had and used a revolver in the "hold-up," and that one of them fled from the scene of the robbery through the tunnel at the entrance of which the revolver offered in evidence was found a few minutes after the robbery.

There was no error in the denial of the motion for a direction of an acquittal of both defendants which was made at the close of the state's case. Such action, although reviewable under section 136 of the Criminal Procedure act, will only justify a reversal of the conviction when there was no evidence proper to be submitted to the jury which would support a conclusion of guilt. *State* v. *Lieberman,* 80 *N. J. L.* 506; *affirmed,* 82 *Id.* 748. Here, there was evidence tending to show the guilt of both defendants.

We think that the court did not err in refusing to permit the witness Joseph Newman to testify regarding the general reputation of the defendant Unger.

A character witness for the accused is not competent unless it is first shown that he knows the general reputation of the accused in the neighborhood in which the latter lives, in respect to the trait involved in the charge. The witness Newman testified that he did not know where the accused lived. He was therefore incompetent to testify ·as to the reputation of the accused for peace and quiet. *State* v. *Polhemus,* 65 *N. J. L.* 387; *Bullock* v. *State, Ibid.* 557; *State* v. *Brady,* 71 *Id.* 360.

We think that the court did not err in refusing to admit in evidence a certificate of the defendant Unger's discharge from the army. The defendant offered it avowedly for the purpose of showing his reputation. Of course, a person on trial for a criminal offense is entitled to give evidence as to

his reputation in the neighborhood in which he lives in respect to the trait involved in the charge, but a certificate of discharge from the army is not relevant for that purpose. *16 C. J. 583*, and cases there collected.

We think there was no error justifying a reversal in the action of the court in admitting in evidence four masks offered by the state. The defendant Unger, in his direct examination, testified that when police officers walked into the room in New York where the defendants were, about two months prior to the highway robbery, there were four masks in the room, and the defendant Karp testified on his direct examination that he was present on that occasion. We, therefore, think that the defendants did not suffer manifest wrong or injury by the admission of such masks in evidence, after they had been identified by the police officer as the masks that were on the table in the room on the occasion spoken of by the defendants.

Assignments of error and causes for reversal numbers 13, 16, 18, 20, 22 and 23 relate either to the admission or rejection of evidence. We have examined them with care and find no error—certainly none which in our judgment could have prejudiced the accused in maintaining their defense upon the merits. They, therefore, present no reason for a reversal. *State* v. *Lewis, 98 N. J. L. 618.*

The remaining assignments of error and causes for reversal were expressly withdrawn at the argument.

The judgments under review will be affirmed.